## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

ATIBA STEEL,

      Pʟᴀɪɴᴛɪꜰꜰ,

v.                         CIVIL ACTION NO.:

FL HUD PENSACOLA, LLC, D/B/A
SPECIALTY HEALTH AND
REHABILITATION CENTER,

      Dᴇꜰᴇɴᴅᴀɴᴛ.

_____/

## COMPLAINT

Plaintiff, Atiba Steel, (hereinafter referred to as the "Plaintiff" or "Steel"), by and through her undersigned attorney, sues the defendant, FL HUD Pensacola, LLC, d/b/a Specialty Health and Rehabilitation Center., (hereinafter referred to as the "Defendant" or "Specialty Health"), and alleges as follows:

### *JURISDICTION AND VENUE*

1.    Plaintiff brings this is an action to remedy discrimination on the basis of race, age, and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, 42 U.S.C. § 1981, and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

1

2.     Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3.     Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4.     Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5.     This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6.     All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 201919248) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D201900674) on April 24, 2019. On April 29, 2020, more than 180 days lapsed since Plaintiff's charge was filed and the FCHR had not concluded its investigation or made a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested her 90 day Notice of Right to Sue letter from the EEOC which was received on October 5, 2020.

<u>*PARTIES*</u>

7.     Plaintiff is an African American female and a citizen of the State of Florida and a resident of Escambia County who resides in Pensacola, Florida. Plaintiff had been employed with Defendant from October 27, 2015 until her involuntary termination on April 18, 2019.

8.     Defendant, Specialty Health, is an assistive living center licensed to do and doing business in the State of Florida. Defendant is an employer within the meaning of Title VII and FCRA as it employs in excess of 20 employees.

<u>*FACTS*</u>

9.     Plaintiff is an African American female.

10.     Plaintiff was employed by Defendant at its Pine Forest, Pensacola, FL facility as a laundry attendant and was a qualified individual who performed those duties for roughly three (3) years from October 27, 2015 until her involuntary termination on April 18, 2019.

11.     During Plaintiff's employment with Defendant, she performed the duties and responsibilities of her position in a satisfactory manner.

12.     On or about April 1, 2019, Plaintiff was asked to do a task that she was not properly trained to do.

13.     Plaintiff was written up for not performing this task as instructed by her Caucasian supervisor.

14.    Plaintiff reported what she believed to be discriminatory treatment pertaining to her race by her supervisor.

15.    During Plaintiff's employment with Defendant, she witnessed Defendant treat its black employees differently.

16.    In response to Plaintiff's complaints, her supervisor began immediately retaliating against her and creating a hostile work environment.

17.    Plaintiff was then asked to speak with the facility administrator about the write up.

18.    After meeting with the facility administrator, Plaintiff reported the meeting and the administrator's interaction with her to Defendant's corporate human resources department.

19.    After having reported the administrator's discriminatory mistreatment to corporate, Plaintiff was accused by the administrator of not handling a duty properly and was suspended and thereafter terminated on April 18, 2019.

20.    Plaintiff was subjected to disparate treatment and different terms and conditions of her employment and was held to a different standard because of her race and was retaliated against for opposing and reporting the unlawful discrimination she was being subjected to.

### *FIRST CAUSE OF ACTION*
*(RACE DISCRIMINATION- FEDERAL CLAIM* - 42 U.S.C. § 1981*)*

21.    Plaintiff repeats and re-alleges each and every allegation contained in

paragraphs 1 through 20 of this complaint with the same force and effect as if set forth herein.

22.    Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of 42 U.S.C. § 1981.

23.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### SECOND CAUSE OF ACTION
*(RACE DISCRIMINATION- RETALIATION - 42 U.S.C. § 1981)*

24.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20 of this complaint with the same force and effect as if set forth herein.

25.    Defendant has retaliated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of 42 U.S.C. § 1981.

26.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### THIRD CAUSE OF ACTION
*(Race Discrimination- State Claim - Florida Civil Rights Act)*

27.    Plaintiff repeats and re-alleges each and every allegation contained in

5

paragraphs 1 through 20 of this complaint with the same force and effect as if set forth herein.

28.   Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of Florida Civil Rights Act.

29.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## *FOURTH CAUSE OF ACTION*
### *(RACE RETALIATION – STATE CLAIM – FCRA)*

30.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20 of this complaint with the same force and effect as if set forth herein.

31.   Defendant retaliated against Plaintiff  for engaging in a protected activity in the terms and conditions of her employment on the basis of her national origin in violation of Florida Civil Rights Act.

32.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## FIFTH CAUSE OF ACTION
### *(Race Discrimination-– Title VII)*

33.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20 of this complaint with the same force and effect as if set forth herein.

34.     Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of Title VII.

35.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## SIXTH CAUSE OF ACTION
### *(RACE RETALIATION - STATE CLAIM – TITLE VII)*

36.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20 of this complaint with the same force and effect as if set forth herein.

37.     Defendant retaliated against Plaintiff engaging in a protected activity in the terms and conditions of her employment on the basis of her race in violation of Title VII.

38.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)      Declaring the acts and practices complained of herein are violation of Title VII; the Florida Civil Rights Act (FCRA); and 42 U.S.C. § 1981;

b)      Enjoining and permanently restraining those violations of Title VII; the Florida Civil Rights Act (FCRA); and 42 U.S.C. § 1981;

c)      Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)      Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e)      Awarding Plaintiff Front Pay in lieu of reinstatement;

f)      Awarding Plaintiff compensatory damages;

g)      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h)      Granting such other and further relief as the Court deems just and

proper in the premises.

### *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: December 30, 2020.      By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF**
**CLAYTON M. CONNORS, PLLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel:  (850) 473-0401
Fax: (850) 473-1388

Attorney for the Plaintiff